Manly, J.
 

 We interpret the warranty in the deed of Eli Meekins, of 7th October, 1851, a covenant for quiet enjoyment, and after some reflection, conclude that the recovery by the widow of Meekins of the judgment of $590,68, the the suing out of execution and enforcing the collection of the same is, under the circumstances, an eviction, which entitles the plaintiff to his action of covenant on the warranty.
 

 It seems, by the law of South Carolina, the widow is entitled to dower in all lands of which her hnsband was seized during the coverture, and that 'the jury may either assign dower by an allotment of a portion of the land, or where the interests of all concerned require it, by an assessment of the value of the same, to be paid her in money. Dower was assigned in the latter mode, a judgment was rendered against Jackson for the same, a
 
 fieri facias
 
 sued out and the moneys made thereon. If dower had been assigned by an allotment of land, followed on the part of the widow by an action of
 
 *190
 
 ejectment, and writ of possession executed* the case would have been free from all doubt. The case before us, does not differ substantially from this. Dower is assigned in the land in a different mode, by force of the law, and the plaintiff makes satisfaction for the same, under the compelling process of the law. This is the same, in all essential particulars, as a dispossession under a superior title
 
 pro tanto
 
 — both being, in substance, a disturbance of the possession by process of law.
 

 It has been held in our State, in the case of
 
 Coble
 
 v.
 
 Well
 
 born,
 
 2
 
 Dev. 388, that the purchase of an outstanding title established by an action of ejectment, was not an eviction. The case differs from the one before us, in the important particular, that the purchase was voluntary and for the sake of peace — there being no actual coercion or enforcement of the superior title. The plaintiff has lost a part of the thing bought, occasioned by the right or claim of a third person enforced at law. This is eviction, and the judgment of the Court below, in that particular, was correct.
 

 We
 
 think there was error, however, in respect to the damages held by the Court to be recoverable in the action. The part of the judgment paid after the suit, and before the trial, was also recoverable. With respect to damage, we apprehend the law to be that proof of such may extend to all facts, which occur .'Or grow out of the injury, even up to the day of the verdict — excepting those facts, which not only happened since the commencement of the pending suit, but do, of themselves, furnish sufficient cause for a new action. Indeed, it is upon this general principle, that interest is computed up to the time of the verdict in an action for the non-payment of a Sum of moneyi Mr. Sedgwick, in his work on damages, says (page 10á,
 
 6) “
 
 It is agreeable to the principles of the common law, that whenever a duty has been incurred pending the suit, for which no satisfaction can be had, by a new suit, such duty shall be included in the judgment to be given in the action already depending.” The enforcing of the judgment, which constituted the eviction, having been partly accomplished before the suit, it follows upon the principles laid
 
 *191
 
 down, that all the damage, resulting from the eviction, should be given in the present suit.
 

 There are two cases in the Massachusetts reports, which appear to be somewhat analogous to this, upon the present point;
 
 Leffingwell
 
 v.
 
 Elliott, 10
 
 Pick,;
 
 Brooks
 
 v.
 
 Moody,
 
 20 do., 474, where it is held, in actions upon covenants of warranty against incumbrances, the plaintiffs may recover the amounts fairly and justly advanced to remove the incumbrances, although paid after the suit begins.
 

 A question has been raised whether this be a local or tram sitory action, and therefore whether it be well brought in this State. The action being upon contract, is transitory, and is well brought. This point is fully discussed and settled in the case of
 
 Thursley
 
 v.
 
 Plant,
 
 1 Sann., 211, b. note 6.
 

 There should have been a judgment below according to agreement, with respect to the points reserved, for the entire amount of damage incurred to the trial, and this judgment will be accordingly rendered here.
 

 Per Curiam,
 

 Judgment reversed.